UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11196

NANCY J. BRAY,

           Plaintiff,

- vs -

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,
AND THE CAREGROUP, INC. GROUP DISABILITY
INCOME PLAN,

           Defendants.

MAGISTRATE JUDGE Cohen

FILED IN CLERK'S OFFICE
2004 JUN -3 P 3:34
U.S. DISTRICT COURT
DISTRICT OF MASS.

COMPLAINT

Civil Action No.

RECEIPT # 56313
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. EDM
DATE 6/3/04

NANCY J. BRAY, by her attorneys Nixon Peabody LLP, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against the defendants CareGroup, Inc. Disability Income Plan (the "Plan"), and Liberty Life Assurance Company of Boston ("Liberty Life") for violation of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

2. The Plan is an employee welfare benefit plan as that term is defined in 29 U.S.C. §1002.

3. Plaintiff files this action to recover benefits due under the Plan, to enforce her rights under the Plan, and to recover costs and attorneys' fees as provided by ERISA.

### PARTIES

4. Plaintiff, Nancy Bray, is a resident of Waltham, Massachusetts.

5. CareGroup, Inc., the Plan Sponsor, is a nonprofit corporation organized and existing under the laws of Massachusetts.

6. Defendant, Liberty Life, a for-profit corporation organized and existing under the laws of Massachusetts, underwrites the Plan, is the claims administrator for the Plan, and is an ERISA fiduciary for purposes of the Plan.

R750262.1

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Complaint pursuant to 29 U.S.C. § 1132 and 28 U.S.C. §1331.

8. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

## FACTS

9. On October 1, 2001, Plaintiff began her employment as a nurse at New England Baptist Hospital, a member hospital of CareGroup, Inc.

10. At the time of her employment, Plaintiff became a participant in the Plan, and became eligible to receive certain long term disability benefits pursuant to the terms of the Plan.

11. The Plan offered both non-contributory and contributory benefit options. The contributory option, known as the "Buy-Up" option, permitted a participant to contribute toward the cost of premiums under the Plan in order to secure a higher benefit percentage.

12. Plaintiff elected to participate in the "Buy-Up" option. As such, she contributed toward the cost of premiums for the Plan and is entitled to a receive benefit equal to 60% of her Basic Monthly Earnings, as opposed to the 50% benefit that would have been available under the non-contributory benefit election.

13. The Plan continued to be in full force and effect at all times relevant to this Complaint.

14. At all times relevant to this Complaint, Plaintiff was a participant in the Plan.

15. In October of 1998 Plaintiff was diagnosed with breast cancer.

16. From October of 1998 until April of 1999 Plaintiff was successfully treated for her breast cancer.

R750262.1

- 3 -

17. In April of 1999, Plaintiff's treating physician declared Plaintiff to be without evaluable disease.

18. On October 17, 2002, Plaintiff was diagnosed with a recurrence of breast cancer.

19. On June 27, 2003, Plaintiff became unable to continue working and became "disabled" pursuant to the terms of the Plan.

20. On or about June 27, 2003, Plaintiff filed a claim for long term disability benefits under the Plan. A copy of Plaintiff's claim for benefits is attached as Exhibit A.

21. By letter dated October 27, 2003, Liberty Life informed Plaintiff that benefit claims are typically made within 45 days, but that under special circumstances "an extension of up to an additional 45 days" was permitted by ERISA. The letter indicated that an extension was necessary and informed Plaintiff that a determination would be made "as soon as possible." A copy of the letter extending the deadline to respond to Plaintiff's benefit claim is attached as Exhibit B.

22. Plaintiff submitted her claim for benefits on June 27, 2003. Therefore, the October 27, 2003 letter was sent to Plaintiff more than 120 days after she filed her claim.

23. Regulations issued by the Department of Labor at 29 C.F.R. 2560.503-1 require that an initial claim determination should generally be made with respect to a disability claim within 45 days after the claim is submitted by a claimant.

24. The regulations further provide that the 45-day period "may be extended by the plan for <u>up to 30 days</u>, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, <u>prior to the expiration of the initial 45-day period</u>..." 29 C.F.R. 2560.503-1 (f)(3) (Emphasis added).

25. Therefore, Liberty Life's letter dated October 27, 2003 violated the Department of Labor's regulations to the extent that it requested an extension of time to respond to Plaintiff's claim for benefits <u>after</u> the initial 45-day period prescribed by the regulations had already expired. Moreover, Liberty Life's letter suggested that it was entitled to a 45-day extension of time when the regulations clearly indicate that only a <u>30-day</u> extension was permitted.

26. By letter dated November 25, 2003 (the "Denial Letter), Liberty Life denied Plaintiff's claim for benefits. A copy of the denial letter is attached as Exhibit C.

27. The Denial Letter incorrectly stated that Plaintiff had been receiving treatment for cancer simply because her physician had prescribed a drug known as Tamoxifen during the period from July 1, 2002 through September 30, 2002, which time period fell within the Plan's pre-existing condition limitation period.

28. In concluding that the use of Tamoxifen amounted to treatment for a pre-existing condition during this time period, Liberty Life did not consult with individual experts who had the appropriate knowledge or experience in the field of oncology.

29. Additionally, in concluding that the use of Tamoxifen amounted to a treatment for a pre-existing condition, Liberty Life did not adhere to language contained within the Plan document which states, "[p]re-existing condition means a condition resulting <u>from an Injury or Sickness</u> for which the Covered Person is diagnosed or received <u>Treatment</u> within three months prior to the Covered Person's Effective Date." (Emphasis Added). A copy of the relevant Plan provision is attached as Exhibit D.

30. Accordingly, in order to deny coverage based on the pre-existing condition limitation, Liberty Life needs to demonstrate that Plaintiff experienced an "Injury or Sickness" and that she was receiving treatment for that Injury or Sickness during the period of time from July 1, 2002 through September 30, 2002.

31. The term "Injury" does not apply to this case, and the term "Sickness" under the terms of the Plan means "illness, disease, pregnancy or complications of pregnancy." A copy of the relevant Plan provision is attached as Exhibit E.

32. As set forth in paragraph 18, Plaintiff was not diagnosed with a recurrence of breast cancer until October 17, 2002. She did not experience any type of "Sickness" during the time period from July 1, 2002 through September 30, 2002 and clearly was not receiving treatment for a "Sickness" during that period.

33. On December 5, 2003, Plaintiff appealed Liberty Life's benefit denial and offered appropriate support to demonstrate that her use of Tamoxifen during this specific time period was not treatment for cancer, and did not amount to a pre-existing condition under the Plan. A copy of Plaintiff's appeal is attached as Exhibit F.

34. In connection with her appeal, Plaintiff submitted a letter from her treating oncologist, Dr. Zachary Spigelman, which states:

> Thank you for speaking to me regarding Nancy Bray's disability claim. I have reviewed her notice of denial of benefits. It is <u>inaccurate in its description of her treatment</u>. Nancy was described as being on active treatment between the dates of July 1 and September 30, 2002. This is incorrect. According to my notes and my memory of Nancy's case, she was considered <u>without evaluable disease</u> at that time. The use of Tamoxifen was <u>solely chemoprophylaxis</u>. This is <u>not considered active treatment</u>.

A copy of Dr. Spigelman's letter is attached as Exhibit G.

35. Plaintiff also submitted supporting documentation from her surgeon, Dr. T.C. Barton, which states, "Ms. Bray received Tamoxifen, an agent widely used to <u>reduce the risk of breast cancer</u> in female patients. This was <u>not administered as oncologic treatment</u>." A copy of Dr. Barton's letter is attached as Exhibit H (Emphasis added).

36. By letter dated December 26, 2003, Liberty Life informed Plaintiff that it would respond to her appeal, or provide Plaintiff with a status report by January 16, 2004. A copy of the letter is attached as Exhibit I.

37. By letter dated January 14, 2004, Liberty Life informed Plaintiff that it would require additional time to respond to Plaintiff's appeal of the benefit claim denial. The letter explained that additional time was necessary to respond to Plaintiff because Liberty Life was waiting to receive certain information that it had requested from a physician. A copy of the letter is attached as Exhibit J.

38. On January 22, 2004, Plaintiff sent Liberty Life a letter emphasizing that the unreasonable delay in processing Plaintiff's claim for benefits amounted to a violation of the Department of Labor's regulations relating to claims procedures. The letter further emphasized that nearly seven months had elapsed since Plaintiff had filed her claim for benefits and still no final benefits determination had been made. A copy of the letter is attached as Exhibit K.

39. By letter dated January 27, 2004, Liberty Life informed Plaintiff that it was denying her claim for benefits under the Plan. A copy of the final denial letter is attached as Exhibit L.

40. The Final Denial Letter arbitrarily and capriciously denied Plaintiff's claim for benefits.

41. The Final Denial Letter purportedly relied on the opinion of a consulting physician who specialized in Internal Medicine, not Oncology.

42. The consulting physician assumed an inaccurate medical history of the Plaintiff which led to an incorrect, arbitrary and capricious benefits determination. Specifically, the Final Denial Letter quotes the consulting physician as follows: "the claimant apparently had bilateral mastectomies in 1998, and was subsequently treated with Tamoxifen. Since she presumably had

R750262.1

no residual breast tissue after 1998, the Tamoxifen would not have been indicated as prophylaxis for a new primary breast cancer." See Exhibit L.

43. The logical conclusion of the language quoted in paragraph 42 is that if the Plaintiff had undergone a unilateral mastectomy in 1998, which, in fact, she did, and had residual breast tissue after 1998, which she did, the use of Tamoxifen would have been indicated as a prophylaxis for new primary breast cancer and disability benefits would have been payable to her under the Plan.

44. Indeed, in 1998 Plaintiff underwent a left modified radical mastectomy, not a bilateral mastectomy as erroneously assumed and stated by the Liberty Life consulting physician. See Exhibit H.

45. Accordingly, Plaintiff had residual breast tissue after 1998 and the use of Tamoxifen was prescribed by her treating physicians as a prophylactic measure to prevent cancer in her remaining breast tissue. See Exhibits G, H.

46. Plaintiff has exhausted all administrative remedies available to her under the terms of the Plan and the final denial letter dated January 24, 2004 clearly states that no further administrative remedies are available. See Exhibit L.

47. Plaintiff is and continues to be disabled as defined by the Plan.

## COUNT I

### CLAIM TO RECOVER BENEFITS DUE UNDER THE TERMS OF THE PLAN PURSUANT TO 29 U.S.C. §1132 (a)(1)(B)

48. Paragraphs 1 through 47 are hereby incorporated by reference.

49. Pursuant to the terms of the Plan, Plaintiff was and is entitled to receive a monthly payment equal to 60% of her Basic Monthly Earnings at the time of her disability.

50. In accordance with the procedures set forth in the Plan, Plaintiff has made written demands for payment of her full benefits under the Plan.

51. Defendant Liberty Life has failed adequately to respond to Plaintiff's request for payment of benefits due under the Plan.

52. As a direct and proximate result of the Defendant Liberty Life's violation of ERISA, Plaintiff has suffered, and continues to suffer, substantial and material harm and damage.

## COUNT II
### BREACH OF FIDUCIARY DUTY
### 29 U.S.C. §§1104(a)(1)(B) and 1132(a)(2)

53. Paragraphs 1 through 52 are hereby incorporated by reference.

54. By reason of its general administration of the Plan and its exercise of discretion over the assets of the Plan, Liberty Life owes fiduciary duties to the participants and beneficiaries under the Plan.

55. Liberty Life has breached its fiduciary duties by failing to administer the Plan in accordance with the written documentation governing the Plan and refusing to provide long term disability benefits to Plaintiff, despite Plaintiff's submission of appropriate claims materials.

56. In considering Plaintiff's claim for benefits under the Plan, Liberty Life failed to consider an accurate account of Plaintiff's medical records. See Exhibits G, H.

57. In denying Plaintiff's claim for benefits, Liberty Life did not consult with professionals with relevant training in the field of oncology who could adequately advise Liberty Life with respect to the proper use of Tamoxifen.

58. Liberty Life's arbitrary and capricious denial of Plaintiff's benefit claim does not conform with the fiduciary standard set forth in 29 U.S.C. §1104 (a)(1)(B).

R750262.1

59. As a direct and proximate result of Liberty Life's breach of fiduciary duties under ERISA, Plaintiff has suffered, and continues to suffer, substantial and material harm and damage.

### COUNT III
### BREACH OF FIDUCIARY DUTY
### 29 U.S.C. §§ U.S.C. 1104(a)(1)(A) and 1132(a)(2)

60. Plaintiff alleges and incorporates the allegations contained in paragraphs 1 through 59.

61. By reason of its general administration of the Plan and its exercise of discretion over the assets of the Plan, Liberty Life owes fiduciary duties to the participants and beneficiaries under the Plan.

62. Liberty Life is both the administrator and payor of claims under the Plan, and has a financial self-interest in the outcome of claims decisions.

63. Liberty Life unreasonably denied Plaintiff's claim for benefits.

64. Liberty Life has breached its fiduciary duties to Plaintiff by failing to administer the Plan for the exclusive purpose of providing benefits for the participants and their beneficiaries and has operated under a Conflict of Interest requiring a de novo review of the denial of Plaintiff's benefits.

65. As a direct and proximate result of Liberty Life's breach of fiduciary duties under ERISA, Plaintiff has suffered, and continues to suffer, substantial and material harm and damage.

### COUNT IV
### CLAIM TO ENJOIN ACTION UNDER 29 U.S.C. §1132(a)(3)

66. Paragraphs 1 through 65 are hereby incorporated by reference.

R750262.1

67. Liberty Life has breached its fiduciary duties to Plaintiff by failing to administer the Plan in accordance with ERISA's claims procedures.

68. Section 503(2) of ERISA, 29 U.S.C. §1133(2) requires the Plan to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary..."

69. Liberty Life's initial review of Plaintiff's claim assumed and relied on false information regarding Plaintiff's medical status and inaccurate information regarding the recognized uses of Tamoxifen. See Exhibits G, H.

70. By failing to take Plaintiff's actual medical history into account and by failing to consult with professionals with relevant oncology training, Liberty Life failed to conduct a full and fair review of Plaintiff's claim for benefits.

71. Accordingly, Liberty Life has failed to comply with 29 U.S.C. §1133(2) which requires a full and fair review of Plaintiff's claim.

WHEREFORE, Plaintiff asks for judgment against Defendants and respectfully prays that the Court, as appropriate:

(1) That the Court declare that, under the terms of the Plan, the Plaintiff's prophylactic taking of Tamoxifen during the period of July 1, 2002 through September 30, 2002 did not constitute treatment for Sickness under the Plan;

(2) That the Court declare that, under the terms of the Plan, it is undisputed that Plaintiff's disability began on or about June 27, 2003 and that she continues to be disabled pursuant to the terms and conditions of the Plan;

(3) That the Court grant Plaintiff appropriate legal relief and order Defendants to compensate Plaintiff for her disability in accordance with the Plan by awarding Plaintiff a lump sum amount plus interest representing unpaid benefits plus interest from the date of her disability on or about June 27, 2003 through the date of judgment;

R750262.1

- 11 -

(4)     That the Court determine and declare that Defendant, Liberty Life, has knowingly and intentionally breached its fiduciary duties with respect to its administration of the Plan, and grant Plaintiff appropriate equitable relief for same;

(5)     Grant an order preventing Defendants from refusing, terminating, suspending or otherwise not paying the monthly benefits owed under the Plan;

(6)     Pursuant to 29 U.S.C. §1132(g)(1), award Plaintiff reasonable costs and attorneys' fees;

(7)     For such other relief as the Court deems just and proper.

Dated:     June 2, 2004

NIXON PEABODY LLP
*Attorneys for Plaintiff Nancy J. Bray*

By: _____
Regina S. Rockefeller
BBO # 424000
100 Summer Street
Boston, MA 02110
(617) 345-6182
rrockefeller@nixonpeabody.com

R750262.1

%JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Nancy J. Bray

### DEFENDANTS
Liberty Life Assurance Company of Boston and the Care Group, Inc. Group Disability Income Plan

(b) County of Residence of First Listed Plaintiff   Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Regina S. Rockefeller       (617) 345-6182
Nixon Peabody LLP
100 Summer St., Boston, MA 02110

Attorneys (If Known)

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action to recover benefits, costs and attorneys' fees and enforce rights under ERISA. 29 USC §§ 1132(a)(1)(B), 1132(a)(2) and (3), 1104(a)(1)(A) and (B).

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____       DOCKET NUMBER _____

DATE   June 3, 2004

SIGNATURE OF ATTORNEY OF RECORD   /s/ Regina S. Rockefeller

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Nancy J. Bray vs. Liberty Mutual Assurance Company of Boston**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   **None**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Regina S. Rockefeller**
ADDRESS   **Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110**
TELEPHONE NO.   **(617) 345-6182**

(Coversheetlocal.wpd - 10/17/02)