UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                  )
NANCY J. BRAY,                    )
                Plaintiff         )
                                  )
v.                                )   Civil Action No. 04 11196 WGY
                                  )
LIBERTY LIFE ASSURANCE            )
COMPANY OF BOSTON, and            )
THE CAREGROUP, INC. GROUP         )
DISABILITY INCOME PLAN            )
                Defendants        )
_____

## ANSWER OF DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON TO PLAINTIFF'S COMPLAINT

Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), hereby answers the allegations contained in Plaintiff's Complaint by paragraph numbers which correspond to those in the Complaint as follows:

### NATURE OF THE ACTION

1. Liberty Life makes no response to this paragraph as it merely purports to summarize Plaintiff's claims. To the extent that this paragraph requires a response, Liberty Life denies the allegations in paragraph 1.

2. Liberty Life admits so much of this paragraph as alleges that Caregroup, Inc. maintains a long term disability plan ("the Plan") which is a welfare benefit plan covered by ERISA under which benefits are provided through a policy of insurance issued by Liberty Life. Liberty Life denies the remaining allegations in paragraph 2.

3. Liberty Life makes no response to this paragraph as it merely purports to summarize Plaintiff's claims. To the extent that this paragraph requires a response, Liberty Life denies the allegations in paragraph 3.

## PARTIES

4.   Liberty Life admits, upon information and belief, the allegations in paragraph 4.

5.   Liberty Life denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.   Liberty Life admits so much of this paragraph as alleges it is a for profit corporation organized and existing under the laws of Massachusetts. Liberty Life states that the remaining allegations state legal conclusions to which no response is required. To the extent that a response is required, Liberty Life denies the remaining allegations in paragraph 6.

## JURISDICTION AND VENUE

7.   This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life does not challenge the jurisdiction of this Court.

8.   This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life does not challenge the jurisdiction of this Court.

## FACTS

9.   Liberty Life admits only that the administrative record reflects that Plaintiff was hired on October 1, 2001 and that she was employed as a nurse at New England Baptist Hospital. Liberty Life denies knowledge or information as to the truth of the remaining allegations in this paragraph. In further responding, Liberty Life admits that the information contained in the administrative record for Plaintiff speaks for itself.

10.  Liberty Life admits that the policy setting forth the terms of coverage for long-term disability benefits and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

11.  Liberty Life admits only that the administrative record reflects that the policy included a "Buy-Up" option. In further responding, Liberty Life states that the policy setting

forth the terms of coverage for long-term disability benefits and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

12. Liberty Life admits only that the administrative record reflects that Plaintiff elected to receive a monthly long-term disability benefit of 60% of her basic monthly earnings should she be eligible for such benefits. In further responding, Liberty Life admits that the policy setting forth the terms of coverage for long-term disability benefits and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

13. Liberty Life admits only that the administrative record reflects that the policy issued by it to Care Group, Inc. was in effect beginning in January 1998. In further responding, Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

14. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

15. Liberty Life admits only that the administrative record reflects that Plaintiff was diagnosed with breast cancer in 1998. In further responding, Liberty Life states that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

16. Liberty Life admits only that the administrative record reflects that Plaintiff's treating physician considered her free of disease after her treatment in 1998 and/or 1999. In further responding, Liberty Life states that the medical records and the administrative record for Plaintiff of which they are part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

17. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

18. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

19. Liberty Life denies the allegations in paragraph 19, except admits only that the administrative record reflects that her last day worked was June 26, 2003. In further responding, Liberty Life states that the medical records and the administrative record for Plaintiff of which they are part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

20. Liberty Life admits only that the administrative record reflects that Plaintiff signed and dated a Disability Claim Form on June 26, 2003, which was provided to Liberty Life. In further responding, Liberty Life admits that Plaintiff's application for long-term disability benefits and the administrative for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

21. Liberty Life admits only that the administrative record reflects that it sent a letter to Plaintiff dated October 27, 2003 and that that letter and the administrative record for Plaintiff

of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

22.     Liberty Life admits only that the administrative record reflects that Plaintiff's application for long-term disability benefits and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

23.     Liberty Life admits that the regulations of the Department of Labor speak for themselves and denies any mischaracterization Plaintiff makes of those regulations.

24.     Liberty Life admits that the regulations of the Department of Labor speak for themselves and denies any mischaracterization Plaintiff makes of those regulations.

25.     Liberty Life denies the allegations in paragraph 25. In further responding, Liberty Life admits that the regulations of the Department of Labor speak for themselves and denies any mischaracterization Plaintiff makes of those regulations.

26.     Liberty Life admits only that the administrative record reflects that it sent a letter to Plaintiff dated November 25, 2003 in which it explained that it had completed its review of Plaintiff's eligibility for disability benefits and that it determined that benefits were not payable. In further responding, Liberty Life states that that letter and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

27.     Liberty Life denies the allegations in paragraph 27. In further responding, Liberty Life states that the November 25, 2003 letter and the administrative record of which it is a part speak for themselves.

28. Liberty Life denies the allegations in paragraph 28. In further responding, Liberty Life states that the administrative record for Plaintiff speaks for itself.

29. Liberty Life denies the allegations in paragraph 29. In further responding, Liberty Life states that the policy and the administrative record for Plaintiff of which it is a part speak for themselves.

30. Liberty Life admits that the policy and its terms and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

31. Liberty Life admits that the policy and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

32. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

33. Liberty Life admits only that the administrative record reflects that Plaintiff, through her counsel, sent a letter dated December 5, 2003 to Liberty Life in which she requested a written review of Liberty Life's initial determination on Plaintiff's claim. In further responding, Liberty Life states that that document and the administrative record for Plaintiff speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes on those documents.

34. Liberty Life admits only that the administrative record reflects that Plaintiff, through her counsel, submitted a letter from Dr. Zachary Spigelman and that that letter and the

administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

35. Liberty Life admits only that the administrative record reflects that Plaintiff, through her counsel, submitted a letter from Dr. T.C. Barton and that that letter and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

36. Liberty Life admits only that the administrative record reflects that it sent a letter dated December 26, 2003 to Plaintiff's counsel advising of the status of her request for reconsideration of Plaintiff's claim for long-term disability benefits. In further responding, Liberty Life states that that letter and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

37. Liberty Life admits only that the administrative record reflects that it sent a letter dated January 14, 2004 to Plaintiff's counsel informing her that Liberty Life required additional time to render a determination on Plaintiff's appeal. In further responding, Liberty Life states that that letter and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

38. Liberty Life admits only that the administrative record reflects that it received a letter from Plaintiff's counsel dated January 22, 2004 responding to Liberty Life letter dated January 14, 2004. In further responding, Liberty Life states that that letter and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

39. Liberty Life admits only that the administrative record reflects that it sent a letter dated January 27, 2004 to Plaintiff's counsel advising her that it had completed its review of Plaintiff's request for reconsideration and denied benefits. In further responding, Liberty Life states that that letter and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

40. Liberty Life denies the allegations in paragraph 40.

41. Liberty Life admits only that the administrative record reflects that its letter dated January 27, 2004 and the administrative record for Plaintiff of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

42. Liberty Life denies the allegations in paragraph 42, except states that the administrative record for Plaintiff speaks for itself.

43. Liberty Life denies the allegations in paragraph 43.

44. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

45. Liberty Life admits that the medical records and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

46. Liberty Life admits that the policy, its letter dated January 27, 2004, and the administrative record for Plaintiff of which they are a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

47. Liberty Life denies the allegations in paragraph 47.

## COUNT I
## CLAIM TO RECOVER BENEFITS DUE UNDER THE TERMS OF THE PLAN PURSUANT TO 29 U.S.C. §1132 (a)(1)(B)

48.  Liberty Life restates and incorporates by reference its responses to paragraphs 1-47 above.

49.  Liberty Life admits that the policy and the administrative record of which it is a part speak for themselves. Liberty Life denies the remaining allegations contained in paragraph 49, except admits that Plaintiff elected a monthly long-term disability benefit of 60% of her basic monthly earnings.

50.  Liberty Life admits so much of this paragraph as alleges that Plaintiff made a demand for benefits. In further responding, Liberty Life states that the policy and the administrative record of which it is a part speak for themselves. Liberty Life denies any mischaracterization Plaintiff makes of those documents.

51.  Liberty Life denies the allegations contained in paragraph 51.

52.  Liberty Life denies the allegations contained in paragraph 52.

## COUNT II
## BREACH OF FIDUCIARY DUTY 29 U.S.C. §1104 (a)(1)(B) AND §1132 (a)(2)

53.  Liberty Life restates and incorporates by reference its responses to paragraphs 1-52 above.

54.  This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life admits that it has certain fiduciary duties in its discretionary authority to determine benefits under the policy. Liberty Life denies the remaining allegations in this paragraph.

55.  Liberty Life denies the allegations contained in paragraph 55.

56.  Liberty Life denies the allegations contained in paragraph 56.

57. Liberty Life denies the allegations contained in paragraph 57.

58. Liberty Life denies the allegations contained in paragraph 58.

59. Liberty Life denies the allegations contained in paragraph 59.

## COUNT III
### BREACH OF FIDUCIARY DUTY 29 U.S.C. §1104 (a)(1)(A) AND §1132 (a)(2)

60. Liberty Life restates and incorporates by reference its responses to paragraphs 1-59 above.

61. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life admits that it has certain fiduciary duties in its discretionary authority to determine benefits under the policy. Liberty Life denies the remaining allegations in this paragraph.

62. Liberty Life admits so much of this paragraph as alleges that it was the claims administrator under the policy and that it pays benefits pursuant to the policy, but denies the remaining allegations contained in paragraph 62.

63. Liberty Life denies the allegations contained in paragraph 63.

64. Liberty Life denies the allegations contained in paragraph 64.

65. Liberty Life denies the allegations contained in paragraph 65.

## COUNT IV
### CLAIM TO ENJOIN ACTION UNDER 29 U.S.C. §1132 (a)(3)

66. Liberty Life restates and incorporates by reference its responses to paragraphs 1-65 above.

67. Liberty Life denies the allegations contained in paragraph 67.

68. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, Liberty Life states that the statute speaks for itself and denies any mischaracterization Plaintiff makes of that statute.

69. Liberty Life denies the allegations contained in paragraph 69.

70. Liberty Life denies the allegations contained in paragraph 70.

71. Liberty Life denies the allegations contained in paragraph 71.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has sustained any injury or damages, it is the result of the conduct by a party other than Liberty Life and over whom Liberty Life had no authority or control and for whom Liberty Life is not liable.

### THIRD AFFIRMATIVE DEFENSE

Based on the circumstances and administrative record in this case, Liberty Life requests that the Court order Plaintiff to pay its attorneys' fees and costs under 29 U.S.C. § 1132(g).

### FOURTH AFFIRMATIVE DEFENSE

The denial of benefits at issue was reasonable, was not arbitrary and capricious, and should be upheld by this Court based upon the administrative record before the decision maker under the policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees on the claims she has alleged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no legal right to the compensatory relief sought in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's right to relief is barred because at all relevant times Liberty Life acted in good faith and with the diligence, care and skill which a reasonably prudent person would exercise under similar circumstances and Liberty Life did not induce, commit or otherwise participate in any allegedly wrongful act or omission.

## NINTH AFFIRMATIVE DEFENSE

Liberty Life reserves its right to add such additional affirmative defenses as become evident as the case progresses.

WHEREFORE, Liberty Life prays that:

1. The Complaint be dismissed in its entirety;

2. Judgment entered on its behalf on all counts;

3. It be awarded its costs and attorney's fees; and

4. The Court award such other relief as may be just and proper.

Respectfully submitted,

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

By their attorneys,

/s/ Richard W. Paterniti
Andrew C. Pickett (BBO#549872)
Richard W. Paterniti (BBO#645170)
JACKSON LEWIS LLP
One Beacon Street, Suite 3300
Boston, Massachusetts 02108
Dated: August __, 2004          (617) 367-0025

## CERTIFICATE OF SERVICE

A copy of the above document was served this 12th day of August, 2004 by first class mail, postage prepaid, on attorney for the Plaintiff, Regina S. Rockefeller, Esq., Nixon Peabody, LLP, 100 Summer Street, Boston, MA 02110, and attorney for The CareGroup Inc. Group Disability Income Plan, Pamela B. Blatte, CareGroup, Inc., 109 Brookline Avenue, Suite 300, Boston, MA 02215.

/s/ Richard W. Paterniti
Jackson Lewis LLP