UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11196-WGY

NANCY J. BRAY,

Plaintiff

v.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON, AND THE CAREGROUP,
INC. GROUP DISABILITY INCOME
PLAN,

Defendant

## ANSWER OF DEFENDANT CAREGROUP, INC. GROUP DISABILITY INCOME PLAN

Defendant the CareGroup, Inc. Group Disability Income Plan ("CareGroup Plan") hereby answers the Complaint in this matter. With respect to the enumerated paragraphs of the Complaint, CareGroup Plan states as follows:

1-3. The allegations contained in Paragraphs 1-3 of the Complaint state conclusions of law to which no response is required by CareGroup Plan.

4. CareGroup Plan lacks sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Admitted.

6. CareGroup Plan lacks sufficient information to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7-8. The allegations contained in Paragraphs 7 through 8 of the Complaint constitute conclusions of law to which no response is required by CareGroup Plan.

9-19. CareGroup Plan lacks sufficient information to admit or deny the allegations contained in Paragraphs 9 through 19 of the Complaint.

20-22. CareGroup Plan lacks sufficient information to admit or deny the allegations contained in Paragraphs 20 through 22 of the Complaint, and states that the documents referenced by Paragraphs 20 through 22 of the Complaint speak for themselves.

23-25. The allegations contained in Paragraphs 23 through 25 of the Complaint constitute conclusions of law to which no response is required by CareGroup Plan.

26-27. CareGroup Plan lacks sufficient information to admit or deny the allegations contained in Paragraphs 26 through 27 of the Complaint, and states the document referenced by Paragraphs 26 through 27 of the Complaint speaks for itself.

28-31. CareGroup Plan lacks sufficient information to admit or deny the allegations contained in Paragraphs 28 through 31 of the Complaint, except to the extent the allegations contained in Paragraphs 28 through 31 of the Complaint constitute conclusions of law, to which no response is required by Care Group Plan.

32-47. CareGroup Plan lacks sufficient information to admit or deny the allegations contained in Paragraphs 32 through 47 of the Complaint, except to the extent the allegations contained in Paragraphs 32 through 47 of the Complaint reference documents, those documents speak for themselves, and to the extent the allegations contained in Paragraphs 32 through 47 of the Complaint constitute conclusions of law, to which no response is required by CareGroup Plan.

## COUNT I
## CLAIM TO RECOVER BENEFITS DUE UNDER THE TERMS OF THE PLAN PURSUANT TO 29 U.S.C. SECTION 1132(A)(1)(B)

48. CareGroup Plan repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 47 of the Complaint.

49-52. The allegations contained in Paragraphs 49 through 52 of the Complaint are not allegations about or against CareGroup Plan, no response is required by CareGroup Plan, and CareGroup Plan lacks sufficient information to admit or deny same.

## COUNT II
## BREACH OF FIDUCIARY DUTY 29 U.S.C. SECTIONS 1104(A)(1)(B) AND 1132(A)(2)

53. Care Group Plan repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 52 of the Complaint.

54-59. The allegations contained in Paragraphs 54 through 59 of the Complaint are not allegations about or against CareGroup Plan, no response is required by CareGroup Plan, and CareGroup Plan lacks sufficient information to admit or deny same.

## COUNT III
## BREACH OF FIDUCIARY DUTY 29 U.S.C. SECTIONS 1104(A)(1)(A) AND 1132(A)(2)

60. CareGroup Plan repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 59 of the Complaint.

61-65. The allegations contained in Paragraphs 61 through 65 of the Complaint are not allegations about or against CareGroup Plan, no response is required by CareGroup Plan, and CareGroup Plan lacks sufficient information to admit or deny same.

## COUNT IV
## CLAIM TO ENJOIN ACTION UNDER 29 US.C. SECTION 1332(A)(3)

66. CareGroup Plan repeats and incorporates herein by reference its responses to the allegations contained in Paragraphs 1 through 65 of the Complaint.

67-71. The allegations contained in Paragraphs 67 through 71 of the Complaint are not allegations about or against CareGroup Plan, no response is required by CareGroup Plan, and CareGroup Plan lacks sufficient information to admit or deny same. By way of further answer, CareGroup Plan states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim against CareGroup Plan upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

At all times relevant to the allegations contained in the Complaint, CareGroup Plan acted in good faith and in reasonable and full compliance with its obligations under law.

## THIRD AFFIRMATIVE DEFENSE

CareGroup Plan did not breach any duties to the Plaintiff

## FOURTH AFFIRMATIVE DEFENSE

CareGroup Plan has complied with and performed all of its promises, obligations, and duties to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has sustained any harm or damages, any such harm or damages were proximately caused by a party or parties other than CareGroup Plan and over which CareGroup Plan had no authority or control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees from CareGroup Plan.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff's Complaint seeks remedies not provided for under ERISA, those remedies are barred or preempted by ERISA.

## EIGHTH AFFIRMATIVE DEFENSE

CareGroup Plan respectfully reserves its right to plead any such additional defenses which arise in the course of this litigation.

WHEREFORE, CareGroup Plan requests the Complaint be dismissed as against CareGroup Plan, and the Court award any and all such other relief to CareGroup Plan as may be just and proper.

CareGroup, Inc. Group Disability Income Plan
Respectively submitted
By its attorneys,

*[signature]*

Philip M. Cronin #106060
Jennifer L. Markowski, BBO# 655927
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

## CERTIFICATE OF SERVICE

A copy of the above document was served this __26__ day of August, 2004 by first-class mail, postage prepaid, on all attorneys of record.

/s/ Jennifer L. Markowski
Jennifer L. Markowski

595940-1

6